UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREE BURMA SOCIETY
21128 StoneCrop Pl
Ashburn VA 20147

Plaintiff

                 v.                Civil Action No. 25-cv-

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES
5900 Capital Gateway Drive
Camp Springs MD 20588-0009

Defendant

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is a Freedom of Information Act [FOIA] case. Defendant USCIS has failed to respond to five requests from Plaintiff.

## JURISDICTION

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a) (4) (B) and 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and other necessary relief pursuant to 28 U.S.C. § 2201-02.

## VENUE

3. Venue is appropriate under 5 U.S.C. § 552(a) (4) (B), and 28 U.S.C. § 1391.

## PARTIES

4a. The Free Burma Society is a non-profit organization dedicated to advocating for the freedom of the people of Burma. Our mission involves raising awareness about the multifaceted challenges faced by the nation, including political and racial conflicts. We are committed to

1

promoting values such as freedom, justice, and democracy, recognizing their vital role in fostering a stable and harmonious society. Furthermore, we actively assist individuals from Burma with immigration-related legal issues, providing valuable support in navigating complex processes. Through our efforts, we strive to make a meaningful impact and contribute to a brighter future for the people of Burma.

4b. Free Burma Society charges no fees; it sells nothing; it relies on pro bono lawyers to help it.

5. Plaintiff has made FOIA requests in the past, and will continue to do so in the future.

6. Defendant is an agency within the meaning of 5 U.S.C. § 552(e) and 701(b) (1), and is in possession and/or control of the records requested by Plaintiff.

**FACTS**

7. On April 25, 2023, defendant received this request from plaintiff:

Country of Origin Information [COI] for Burma, that is available
at the RAIO Directorate, as of today.

8. Defendant assigned this tracking number to the request:  COW2023 002 840

9. Defendant requested clarification via a letter dated 4-25-23. Plaintiff emailed a response on 4-26-25. Defendant sent a letter dated 4-26-25.

10. Since that time, the defendant has done nothing concerning this request.

= = = = = = = = =

11. On May 29, 2023, defendant received this request from plaintiff:

We understand that queries are submitted to the RAIO Research Unit, and that responses are posted to the RAIO Research Unit ECN page. We request a copy of:
1] a  list, or Table of Contents, describing queries submitted
2] those queries themselves
3] a  list, or Table of Contents, describing responses that were submitted
4] those responses themselves
Dates: FY 23.

12. Defendant, via a letter dated May 30, 2023, assigned this tracking number to the request: COW2023 003 759

13. Since that time, the defendant has done nothing concerning this request.

= = = = = = = =  = =

14. On June 28, 2023, defendant received this request from plaintiff:

During CY 2021, USCIS officer training for RAIO was composed of the RAIO Foundations Training Program (RAIO FTP) and adjudication-specific components addressing procedures specific to each casetype (refugee status, asylum, protection screenings, etc.) You understand that "[t] training materials are regularly updated." Please send the training materials that were updated in CY 2023.

15. Defendant assigned this tracking number to the request: COW2023 004 488.

16. Defendant sent a letter dated June 28, 2023.

17. Since that time, the defendant has done nothing concerning this request.

= = = = = = =  =

18. On April 26, 2023, defendant received this request from plaintiff:

Records sent from Asylum Headquarters to the Arlington Asylum Office concerning training, instruction, and guidance for Supervisory Asylum Officers during FY 2023.

19. Defendant assigned this tracking number to the request: COW2023 002 871.

20. Defendant sent a letter dated April 26, 2023 to plaintiff.

21. Since that time, the defendant has done nothing concerning this request.

= = =

22. On June 17, 2023, defendant received this request from plaintiff:

We request a copy of guidance [including emails, texts, and other records] sent from Asylum Headquarters to the Arlington Asylum Office concerning: 1]-how to apply FIFO; 2] how to schedule cases for interviews; 3] how to adjudicate cases after being interviewed; 4] how to process cases in litigation; Dates: FY 23

23. Defendant assigned this tracking number to the request: COW2023 004 217.

3

24. Defendant sent a letter dated June 20, 2023 to plaintiff.

25. Since that time, the defendant has done nothing concerning this request.

= = = =

**FIRST CAUSE OF ACTION [remand request ending in 2840][COI for Burma]**

26. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

27. Defendant USCIS has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ( c);

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

4

28. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for USCIS's failure to make the records available.

29. USCIS is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

30. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

31. Plaintiff has exhausted all necessary administrative remedies.

**SECOND CAUSE OF ACTION [concerning request ending in 3759] [Queries]**

32. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

33. Defendant USCIS has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

5

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5(c);

i] to provide any of the records to the requester.

34. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for this defendant's failure to make the records available.

35. USCIS is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

36. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

37. Plaintiff has exhausted all necessary administrative remedies.

**THIRD CAUSE OF ACTION [request ending in 4488][RAIO FTP]**

38. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

39. Defendant USCIS has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

40. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for USCIS's failure to make the records available.

41. USCIS is still in violation of the FOIA. It is still in violation of 5 U.S.C. § 552(a).

42. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

43. Plaintiff has exhausted all necessary administrative remedies.

**FOURTH CAUSE OF ACTION [request ending in 2871][Supervisory Asylum Officers]**

44. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

45. Defendant USCIS has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

7

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by  § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

46. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for USCIS's failure to make the records available.

47. USCIS is still in violation of the FOIA. It is still in violation of  5 U.S.C. § 552(a).

48. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

49. Plaintiff has exhausted all necessary administrative remedies.

**FIFTH CAUSE OF ACTION [ request ending in 4217][guidance from HQ]**

50. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in all paragraphs set forth above.

51. Defendant USCIS has violated 5 U.S.C. § 552(a) and 6 CFR § 5 in many ways, including, without limitation, by failing:

a] to make the records promptly available, as required by § 552(a)(3)(A);

b] to make reasonable efforts to search for the records, as required by § 552(a)(3)(C);

c] to determine within 20 days whether to comply with the request, and by failing to immediately notify the requester, as required by § 552(a)(6)(A)(i);

d] to immediately notify the requester of such determination and the reasons therefor, within 20 days, as required by § 552(a)(6)(A)(i)(I);

e] to immediately notify the requester of its right to seek assistance from the FOIA Public Liaison of the agency, as required by  § 552(a)(6)(A)(i)(II);

f] to "acknowledge the request and assign it an individualized tracking number if it will take longer than ten working days to process," as required by 6 CFR § 5.6(b);

g] to "determine whether to grant or deny the request" in 20 days, and to "notify the requester in writing," as required by 6 CFR § 5.6 ©;

h] to "notify the requester in writing of the unusual circumstances" within 20 days, as required by 6 CFR §5.5( c);

i] to provide any of the records to the requester.

52. Plaintiff has the legal right under FOIA to obtain all of the records requested. No legal basis exists for USCIS's failure to make the records available.

53. USCIS is still in violation of the FOIA. It is still in violation of  5 U.S.C. § 552(a).

54. Plaintiff is deemed to have exhausted its administrative remedies because the agency failed to comply with the applicable time limit provisions of the FOIA, pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

55. Plaintiff has exhausted all necessary administrative remedies.

## PRAYER FOR RELIEF

56.  WHEREFORE, plaintiff prays that judgment be entered in its favor against defendant; and that the Court:

a. Order defendant to promptly disclose all of the requested records;
b. Declare that defendant's inaction and actions violate the FOIA;
c. Award plaintiff reasonable attorney fees and costs pursuant to 5 U.S. C. §552(a) (4) (E); and
d. Grant all other such relief to the plaintiff as the Court deems proper and equitable.

Respectfully submitted,

/s/ *David L. Cleveland*
David L. Cleveland
Maryland Bar # 13559 DC Bar # 424209
*Pro bono* Attorney for Plaintiff
1220 L Street NW #100
Washington, DC 20005-4033
[202] 812-8684   <1949.david@gmail.com>